UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON COLON,<br><br>            Plaintiff,<br><br>v.<br><br>BRONX NISSAN, INC. dba or aka BRONX NISSAN, dba or aka NISSAN OF THE BRONX LLC and CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A.,<br><br>            Defendants. | Case No.: |

## COMPLAINT

Plaintiff, NELSON COLON ("Plaintiff") brings this action to secure redress against unlawful, unfair, abusive, and deceptive business practices engaged in by defendants, BRONX NISSAN, INC. dba or aka BRONX NISSAN, dba or aka NISSAN OF THE BRONX LLC ("Dealer") and Capital One Auto Finance, Inc., a division of Capital One, N.A., (the "Bank" and together with the Dealer, "Defendants") relating to a financed automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1.  In March 2024, Plaintiff found advertised for sale with the Dealer, a used 2022 Honda Odyssey, Vehicle Identification Number 5FNRL6H93NB008445 (the "Vehicle"), at the advertised price of $26,784.36. The parties came to terms on Plaintiff's financed purchase of the Vehicle. Soon after taking delivery of the Vehicle, Plaintiff discovered that the cost of the Vehicle had been grossly inflated and packed with costly add-ons Plaintiff did not want, did not ask for, and did not agree to buy.

2. Plaintiffs also discovered that the Vehicle's odometer mileage was falsely stated and not accurately disclosed.

3. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*. ("TILA"), the New York Motor Vehicle Retail Installment Sales Act, Sec. 302 *et. seq.* ("NY MVRISA"); New York General Business Law §§ 349 and 350, the Federal Odometer Law U.S.C. §§ 32703 and 32705, and 49 C.F.R. §§ 580.1, *et seq*., breach of express and implied warranties, violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq*., and common law claims for fraud.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

5. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

6. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and the Dealer maintains offices, transacts business, and is otherwise found in this district.

## PARTIES

8. Plaintiff is a natural person residing in Wallington, NJ.

9. Upon information and belief, the Dealer, a car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 3660 Boston Rd, Bronx, NY 10469.

10. Upon information and belief, the Bank is a national banking association and, among other things, provides automobile loans and loan servicing nationwide including in the State of New York.

11. The Bank is, upon information and belief, assignee of Plaintiff's contracts with the Dealer and, as a result, is subject to all claims and defenses pursuant to federal and New York law.

## FACTS

12. On March 29, 2024, Plaintiff visited the Dealer's dealership and ultimately agreed to his financed purchase of the Vehicle (the "Transaction").

13. It was agreed that Plaintiff would make a $3,000.00 down payment with the balance to be financed.

14. Plaintiff was presented with a series of documents to sign, which were not explained, he was told where and when to sign but was never directly presented with copies of any of the documents.

15. Plaintiff was not given an opportunity to review any of the sale documents.

16. Plaintiff was handed the keys to the Vehicle to which license plates and a temporary registration had been affixed.

17. Thereafter, Plaintiff discovered that among the sale documents was a Retail Installment Simple Finance Charge Agreement (the "RISC").

18. In reviewing the RISC, Plaintiff discovered that the cost of the Vehicle was not as agreed and that the cost of the Transaction had been grossly inflated.

19. The "Itemization of Amount Financed" section of the RISC includes a "Warranty Tech" "Service Contact" listed at the cost of $5,000.00. Plaintiff did not ask to purchase a

3

service contract, did not agree to buy a service contract, and was never told that he was buying a service contract.

20. Also, among the sale documents to which Plaintiff's was a bill of sale (the "Bill of Sale"). Many of the material terms of the Bill of Sale were left blank including the year, make, model, milage and vehicle identification number.

21. Not included among the documents ultimately provided to Plaintiff was an odometer disclosure statement.

22. Plaintiff later visited another car dealership with the intention of trading the Vehicle for another car.

23. At the other car dealership, Yonkers Honda, Plaintiffs was presented with the Carfax report for their current Vehicle. Plaintiff had never received a copy of the Carfax report for the Vehicle from the Dealership at the time it was purchased.

24. Plaintiff's review of the Carfax Report revealed that the Vehicle had higher mileage before arriving at the Dealer's dealership and a significantly lower stated milage when it was sold to Plaintiff. The Carfax report indicated that on January 3, 2024, the vehicle had a stated mileage of 46,889, but on March 27, 2024, when the Vehicle was advertised for sale with the Dealer, it had a stated mileage of 27,706.

25. Consequently, between January 3, 2024, and March 27, 2024, the odometer reading decreased by more than 19,183 miles.

26. As a result, the Plaintiff experienced surcharges and/or were overcharged for the Vehicle, as it was worth much less than its fraudulently established purchase price at the Dealership.

27. At all relevant times Defendants acted willfully and in bad faith.

28. The unlawful actions described herein harmed Plaintiff.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF TILA**
(15 U.S.C. § 1601 *et. seq*. TILA)

29. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

30. Plaintiff's transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

31. Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

32. Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

33. The RISC lists a motor vehicle, an article of personal property, as collateral.

34. The RISC is a written agreement, payable in more than four installments.

35. The finance charge indicated on the RISC exceeds $1,000.00.

36. The copy of the RISC that ultimately was provided to Plaintiff is inconsistent with oral disclosures made by the Dealer on the date of the transaction.

37. Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

38. The required purchase of the Service Contract as a condition of financing is a "finance charges" as defined under TILA § 1605(a) and Regulation Z § 226.4(a).

39. As a result of Defendants' failure to properly include these and/or other fees and charges as finance charges, the sale price, finance charge, amount financed, and APR disclosed

in the RISC are all materially misstated, in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

40. Defendants have failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

41. As a result of Defendants' incomplete, inaccurate, and materially misstated disclosures, Plaintiff has suffered actual damages, including but not limited to additional charges, some of which are additional fees corresponding to no legitimate good or service and some of which correspond to products that Plaintiff did not want or need, and all of which Defendants added to the transaction incident to the extension of credit.

42. Had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would not have agreed to purchase the Vehicle on the terms and conditions imposed on him by Defendants and instead would have sought to purchase a vehicle without the unwanted and unnecessary additional charges imposed on them.

43. Additionally, had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would have sought and obtained an alternate transaction.

44. For these reasons, Defendants are liable under TILA and Regulation Z (see, e.g. 15 U.S.C. §§ 1640 and 1641) for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief as the Court deems appropriate.

45. The Bank, upon information and belief, is assignee of the contracts entered into between the Dealer and Plaintiff as a result, is subject to all claims and defenses as the TILA violations set forth herein are clear upon the face of the documents assigned.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF NEW YORK MVRISA
(N.Y.P.P.L. § 301 *et seq.*)

46. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

47. The Dealer is a "retailer seller" within the meaning of MVRISA §301(3).

48. The transaction as described above involved a "retail installment sale" within the meaning of MVRISA §301(4).

49. MVRISA expressly incorporates all TILA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to be disclosed by the act of congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations may from time to time be amended." §302(5)(1).

50. As set forth above, Defendants violated numerous TILA provisions.

51. As set forth above, the RISC provided to Plaintiff was in gross violation of TILA's requirements.

52. The violations set forth herein were both knowing and willful.

53. Defendants had ample opportunities to correct the violations but failed to do so.

54. For all of the reasons stated herein, under MVRISA § 307, Defendants are barred from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff is entitled to costs and attorney's fees.

## THIRD CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES
(N.Y. Gen. Bus. Law § 349(h))

55. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein

56. Each of the deceptive acts and practices set forth above constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

57. To wit, wholly apart from the inadequacy of the Vehicle information disclosures and non-disclosures provided to Plaintiff, the Dealer's acts and practices on behalf of itself, all of which occurred after the nominal assignment of the loan purchase contract, constitute violations of NYGBL § 349, which makes deceptive acts in the conduct of business, trade, commerce or the furnishing of a service in this state, unlawful, independent of whether these acts and practices constitute violations of any other law.

58. These deceptive acts and practices were committed in the course and conduct of business, trade, commerce or the furnishing of a service in this state.

59. Each of these actions was consumer-oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are of the type that could easily recur, potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

60. These false and deceptive consumer-oriented actions misrepresent the actual rights and obligations of consumers.

61. These false and deceptive consumer-oriented actions and representations serve to convince consumers that they will be able to purchase or lease an automobile, only to pay surcharges for a Vehicle that was worth much less, if anything at all, after committing to purchase or lease the vehicle based on the Dealer's materially false representations.

62. The Dealer's false and deceptive consumer-oriented actions result in Defendants receiving and retaining payments as the result of transactions into which consumers, and Plaintiffs specifically, would not have entered if the true facts had been known.

63. The Dealer's conduct and statements described above are materially misleading.

64. As a result of these violations of NYGBL § 349, Plaintiffs suffered and continues to suffer pecuniary and non-pecuniary harm.

65. The Dealer's violations were willful and knowing and committed in bad faith.

66. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000, punitive damages, injunctive relief, costs and reasonable attorneys' fees pursuant to NYGBL §349(h), and a declaratory judgment that Defendants' practices are deceptive as defined under § 349.

67. By extension, the Bank is liable for these same violations as the eventual holder of the finance agreement for the Plaintiff's purchase of the Vehicle.

68. Plaintiff is a person within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

## FOURTH CAUSE OF ACTION
## <u>FALSE ADVERTISING</u>
(N.Y. Gen. Bus. Law § 350)

69. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

70. Pursuant to General Business Law §350-a(1), the term "false advertising" means advertising if such advertising is misleading in a material respect.

71. The Dealer engaged in unlawful "false advertising" prohibited under General Business Law §350-a(1) by making representations, either by statement, word, design, device, sound or any combination thereof, to Plaintiff and the public -- online and on the dealership lot,

9

that were materially misleading including, but not limited to, that the sale price of the Vehicle was thousands of dollars less than the price it eventually charged.

72. This false advertising was committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

73. The Dealer's false advertising was done knowingly and willfully and committed in bad faith.

74. The Dealer's advertising was misleading in a material respect by failing to reveal that the advertised sale price for the Vehicle would require the purchase of additional products such as the Service Contract.

75. The Dealer's advertising was misleading in a material respect by failing to reveal that true milage of the Vehicle.

76. As a result of these violations of NYGBL § 350, Plaintiff – who would not have purchased the Vehicle but for the Dealer's false advertising – suffered actual damages as set forth herein.

77. As a result of The Dealer's false advertising, Plaintiff has been injured and seeks actual damages, three times the actual damages up to $10,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 350 as well as declaratory judgment that Defendants' practices are false advertising pursuant to General Business Law §350-a.

## FIFTH CAUSE OF ACTION
## COMMON LAW FRAUD

78. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

79. As set forth above, the Dealer defrauded Plaintiff by, *inter alia*, overcharging Plaintiff for the Vehicle.

80. Discovery will show the Dealer intended to deceive Plaintiff.

81. Plaintiff believed and justifiably relied upon the Dealer's false representations.

82. Plaintiff had no reason to know or expect that the Dealer deceived him through the misrepresentation of the Vehicle (*i.e*, falsified odometer mileage and undisclosed purchase of the Service Contract).

83. Had the Dealer been truthful and not made these fraudulent misrepresentations, Plaintiff would have walked away and avoided the transaction entirely.

84. As a result of such reliance, Plaintiff sustained actual damages (including both pecuniary and non-pecuniary damages).

85. Moreover, the Dealer's conduct was egregious on every level, involving outright deception.

86. As a result of Plaintiff's reasonable reliance upon the Dealer' misrepresentations, Plaintiff is entitled to actual damages as set forth above, punitive damages, and costs.

## SIXTH CAUSE OF ACTION
## FALSE ADVERTISING
(Recission)

87. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

11

88. As set forth above, Plaintiff would not have signed the RISC but for the Dealer's fraudulent conduct.

89. The Dealer's misconduct was material and willful.

90. Damages will not afford Plaintiff a complete and adequate remedy and the status quo may be substantially restored by equitable relief.

91. Plaintiff is entitled to rescind his contract to purchase the Vehicles and all related contracts and services.

92. As a result of these violations, Plaintiff is entitled to rescission of the RISC, restitution of all monies paid thereunder, and costs and expenses.

## SEVENTH CAUSE OF ACTION
## THE FEDERAL ODOMETER LAW
(U.S.C. §§ 32703 and 32705, and 49 C.F.R. §§ 580.1, *et seq.*)

93. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

94. The conduct of Defendants in rolling back the odometer on the Vehicle, and/or making and participating in making false statements concerning the Vehicle's mileage, and/or by conspiring to roll back the odometer in order to sell the vehicle for a fraudulently inflated price due to its false mileage, constituted violations of Title 49 U.S.C. §§ 32703 and 32705, and the regulations for the enforcement of the federal odometer statutes at 49 C.F.R. §§ 580.1, et seq.

95. As a proximate result of these violations of the law, Plaintiff suffered actual damages.

96. The Defendants intended to defraud the Plaintiff, such that, pursuant to Title 49 U.S.C. § 32710, Plaintiff is entitled to three times his actual damages or $1,500, whichever is greater, against each of the Defendants, plus his reasonable attorney's fees and the costs of this action.

## EIGHTH CAUSE OF ACTION
## MAGNUSSON MOSS WARRANTY ACT
(15 .S.C. §§ 2301, *et seq*.)

97. Plaintiff repeats, re-alleges, and incorporate by reference the foregoing paragraphs.

98. The representation of the odometer mileage at the time of sale constituted an express warranty in that it was a material characteristic of the vehicle, its value, its potential for resale, whether it was legally operable, and whether it was legal for the Dealer to sell as roadworthy. *See* 49 U.S.C. §§ 32703 and 32705. These warranties were breached because the representations were false, and the Dealer knew or should have known that the odometer condition rendered the vehicle legally inoperable. *Id*.

99. The Vehicle was also not merchantable due to the breach of express and implied warranties under New York Uniform Commercial Code ("N.Y. U.C.C.") §§ 2-313, 2-314, in that it was not fit for the ordinary purposes for which such a vehicle, with its mileage as represented, was sold; and, because with the mileage egregiously misstated, the vehicle did not conform to its affirmed and promised condition. *Id*.

100. Plaintiffs suffered actual damages proximately caused by these breaches of warranties as alleged.

101. The breaches of implied warranties under New York law constituted violations of the federal Magnuson-Moss Warranty Act, such that pursuant to Title 15 U.S.C. § 2310(d), Plaintiff is entitled to recover their actual damages, punitive damages, and reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

(a) **On the First Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiff's obligation under the RISC void;

(b) **On the Second Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating the MVRISA barring Defendants from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff's costs and attorneys' fees.

(c) **On the Third Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating NYGBL §349 awarding (a) actual damages, (b) three times the actual damages up to $1,000.00, and (c) costs and reasonable attorneys' fees;

(d) **On the Fourth Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating NYGBL §350 awarding (a) actual damages, (b) three times the actual damages up to $10,000.00, and (c) costs and reasonable attorneys' fees;

(e) **On the Fifth Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for their fraud in an amount to be proven at trial including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

(f) **On the Sixth Cause of Action:**

Judgment in favor of Plaintiff and against Defendants rescinding the RISC and awarding Plaintiff restitution of all monies paid thereunder, and costs and expenses;

(g) **On the Seventh Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating Odometer Act, awarding (a) statutory damages, (b) actual damages (c) costs; (d) and reasonable attorneys' fees;

(h) **On the Eighth Cause of Action:**

Judgment in favor of Plaintiff and against Defendant under the MMWA awarding actual damages, punitive damages, reasonable attorney's fees, costs and expenses, and declaratory judgment that the Dealer violated the MMWA; and;

**(i)     Any additional and further relief as may be deemed just and appropriate.**

Dated: Nyack, New York
November 20, 2024

          **THE LAW OFFICES OF**
          **ROBERT J. NAHOUM, P.C.**
          *Attorneys for Plaintiff*

By:_____
      **ROBERT J. NAHOUM**
1 Blue Hill Plaza, Suite 1509
Pearl River, NY 10965
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com